**Elizabeth SHERLOCK, Plaintiff–Appellant,**

v.

**MONTEFIORE MEDICAL CENTER, Defendant–Appellee.**

**No. 1355, Docket 95–9128.**

United States Court of Appeals,
Second Circuit.

Argued April 12, 1996.

Decided May 10, 1996.

Elizabeth Sherlock, Long Island City, New York, pro se.

John D. Canoni, New York City (Marcie L. Schlanger, Nixon Hargrave, Devans & Doyle, New York City, on the brief), for Defendant–Appellee.

Before: KEARSE and ALTIMARI, Circuit Judges, and MORAN, District Judge.*

KEARSE, Circuit Judge.

Plaintiff *pro se* Elizabeth Sherlock appeals from a final judgment of the United States District Court for the Southern District of New York, Harold Baer, Jr., *Judge,* dismissing her complaint alleging that defendant Montefiore Medical Center ("Montefiore") terminated her employment in violation of, *inter alia,* 42 U.S.C. §§ 1981, 1983, and 1985(3) (1994); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994) ("Title VII"); and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1994 & Supp.1995) ("ADEA"). The district court dismissed Sherlock's claims under §§ 1981, 1983, and 1985(3) for failure to state a claim upon which relief can be granted; it dismissed her Title VII and ADEA claims on

---

* Honorable James B. Moran, of the United States District Court for the Northern District of Illi-

nois, sitting by designation.

the ground that they were barred by the statute of limitations by reason of her failure to file suit within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Sherlock challenges these rulings on appeal. For the reasons below, we conclude that the court applied an inappropriate presumption in order to find Sherlock's Title VII and ADEA claims time-barred, and we therefore affirm in part and vacate and remand in part.

## I. BACKGROUND

Montefiore is a not-for-profit medical institution engaged to provide medical services at New York City's Rikers Island Correctional Facility. In July 1989, Montefiore hired Sherlock, then age 45, to work as an HIV counselor at that facility. In October 1992, Montefiore terminated Sherlock's employment. Sherlock filed charges with the EEOC, alleging that Montefiore had discriminated against her on the basis of her age and gender. The EEOC dismissed those charges and issued a right-to-sue letter; the letter, dated February 15, 1995, stated that Sherlock could continue pursuit of her Title VII and ADEA claims by filing a private lawsuit but that "[s]uch a lawsuit must be commenced within 90 days of receipt of this" letter.

Sherlock commenced the present action on May 25, 1995, *i.e.*, 99 days after the date of the EEOC right-to-sue letter. She asserted claims under Title VII, the ADEA, §§ 1981, 1983, 1985(3), and state law. Montefiore moved to dismiss the complaint on the grounds, *inter alia*, that it failed to state a claim on which relief could be granted and that the claims under Title VII and the ADEA were time-barred because the complaint was filed more than 90 days after receipt of the right-to-sue letter.

In an Opinion and Order, 1995 WL 542458, dated September 11, 1995 ("District Court Opinion"), the district court granted the motion to dismiss, finding that the complaint failed to state a claim (a) under 42 U.S.C. § 1981 because it did not allege that Sherlock was a member of a racial minority, (b) under § 1983 because it did not allege state action, and (c) under § 1985(3) because, *inter*

*alia,* it did not allege the violation of a right that could serve as the basis for a § 1985(3) claim. The court dismissed the claims asserted under Title VII and the ADEA on the ground that they were untimely, stating, in pertinent part, as follows:

> Sherlock filed this claim ninety-six days after receiving her right-to-sue letter, thus exceeding the ninety-day statute of limitations by six days. The EEOC mailed notice to Sherlock on February 15, 1995. A presumption exists that an EEOC notice is received three days after its mailing. *Baldwin County Welcome Center,* 466 U.S. at 148 n. 1 [104 S.Ct. at 1724 n. 1]. Accordingly, Sherlock is presumed to have received her right-to-sue letter on February 18, 1995. Because Sherlock commenced this action on May 25, 1995—ninety-six days later—her Title VII and ADEA causes of action must be dismissed as untimely.

District Court Opinion at 4. Having dismissed all of Sherlock's federal claims, the court also declined to exercise supplemental jurisdiction over her state-law claims. Judgment was entered dismissing the action, and this appeal followed.

## II. DISCUSSION

On appeal, Sherlock contends principally that the court erred in finding her Title VII and ADEA claims time-barred. We conclude that, on the basis of the present record, the court erred in so ruling as a matter of law.

### A. *The Timeliness of the Title VII and ADEA Claims*

In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149–50, 104 S.Ct. 1723, 1724–25, 80 L.Ed.2d 196 (1984) (per curiam); *Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994). Normally it is assumed that a mailed document is received three days after its mailing. *See, e.g., Baldwin County Welcome Center v. Brown,* 466 U.S. at 148 n. 1, 104 S.Ct. at 1724 n. 1 (citing Fed.R.Civ.P.

6(e) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.")). And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice. *See Baldwin County Welcome Center v. Brown,* 466 U.S. at 148 & n. 1, 104 S.Ct. at 1724 & n. 1.

■ Although such presumptions are convenient and reasonable in the absence of evidence to the contrary, the *Baldwin* case, on which the district court in the present case relied, did not suggest that they are irrebuttable. While the *Baldwin* Court noted the presumed date of receipt, the issue in that case was not the date on which the right-to-sue letter had been received but rather whether the forwarding of that letter by the plaintiff to the district court constituted the commencement of the lawsuit. *See, e.g., id.* at 150 n. 4, 104 S.Ct. at 1725 n. 4. If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive. *See, e.g., Smith v. Local Union 28 Sheet Metal Workers,* 877 F.Supp. 165, 172 (S.D.N.Y.1995) (determining date of receipt on basis of testimonial evidence), *aff'd mem.,* — F.3d ——, 1996 WL 53650 (2d Cir. Feb. 8, 1996).

■ The record in the present case provides clear ground to question the dates on which the EEOC notice, which bore the typed date February 15, 1995, was (a) mailed by EEOC and (b) received by Sherlock. There is no evidence from EEOC itself as to the date on which EEOC mailed the letter to Sherlock, but the letter was addressed both to Sherlock and to Montefiore, and the copy received by Montefiore is part of the record. That copy bears two stamped dates, to wit, February 27 on the upper right, and February 28 on the lower right. At oral argument of this appeal, Montefiore's counsel informed us that these stamps indicate the timing of Montefiore's own receipt of the letter. Thus, the record indicates that Montefiore itself did not receive the letter until at least February 27. A notation showing an unexpectedly late date of arrival, affixed by a party that has an interest in claiming its earlier arrival, is admissible against that party as an admission. Fed.R.Evid. 801(d)(2). The fact that Montefiore, as one of two addressees, received the letter at least 12 days after its typewritten date plainly raises a question of fact as to whether Sherlock, the other addressee, received it within three days of its typewritten date.

■ We hasten to note that we would not regard the presence of a self-serving date-of-receipt notation on the claimant's copy of a right-to-sue letter (there was no date-of-receipt notation on Sherlock's copy) as evidence rebutting the presumption that the letter was received three days after its typewritten date, unless the claimant also presented an affidavit or other admissible evidence of receipt on the noted date. We also note that, leaving aside the Montefiore copy of the letter, the evidence that Sherlock proffered to the district court in the present case was not sufficient to rebut the presumption. Sherlock submitted her own affidavit stating, in pertinent part, (a) that she had no recollection of when she received the letter, and (b) that her husband believed that she had received the letter on February 27 or 28. There was no affidavit by Sherlock's husband, and her representation as to his statement is hearsay. Neither that proffer of inadmissible evidence nor her own lack of recollection sufficed to rebut the presumption that the letter had been received by February 18.

Nonetheless, as discussed above, the evidence that Montefiore did not receive the letter until at least February 27 creates an issue of fact as to whether Sherlock received it at or about the same time, and hence whether her complaint, filed 87 days thereafter, was timely. Accordingly, we vacate the dismissal of Sherlock's claims under Title VII and the ADEA.

## B. *The Other Federal Claims*

Sherlock's other federal claims were properly dismissed. Her complaint failed to state a claim under 42 U.S.C. § 1981 because, as the district court noted, it did not allege that she was a member of a racial or ethnic minority. *See, e.g., Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987); *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) (per curiam).

Sherlock's claim under § 1983 was properly dismissed because, insofar as Montefiore's employment practices are concerned, the complaint fails to allege state action. The fact that a municipality is responsible for providing medical attention to persons held in its custody may make an independent contractor rendering such services a state actor within the meaning of § 1983 with respect to the services so provided, *see, e.g., West v. Atkins,* 487 U.S. 42, 54, 108 S.Ct. 2250, 2258, 101 L.Ed.2d 40 (1988); but that fact does not make the contractor a state actor with respect to its employment decisions, *see, e.g., Rendell–Baker v. Kohn,* 457 U.S. 830, 840–43, 102 S.Ct. 2764, 2770–72, 73 L.Ed.2d 418 (1982); *Wolotsky v. Huhn,* 960 F.2d 1331, 1335–36 (6th Cir.1992).

The complaint failed to state a claim under § 1985(3) because, *inter alia,* that section creates no substantive rights but merely "provides a remedy for violation of the rights it designates," *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979), and the Supreme Court has held that in light of the enforcement and conciliation mechanism created by Congress for claims under Title VII, *see* 442 U.S. at 372–78, 99 S.Ct. at 2349–52, the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)," *id.* at 378, 99 S.Ct. at 2352. The similar mechanism for enforcement and conciliation of claims under the ADEA, *e.g., compare* 42 U.S.C. § 2000e–5(b) *with* 29 U.S.C. § 626(b), persuades us that a violation of the ADEA likewise cannot be the basis for a claim under § 1985(3). *Cf. Zombro v. Baltimore City Police Department,* 868 F.2d 1364, 1366–68 (4th Cir.1989) (claim under § 1983 may not be predicated on violation of ADEA), *cert. denied,* 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989).

## C. *The State–Law Claims*

The district court also dismissed Sherlock's state-law claims, declining to exercise supplemental jurisdiction over them because it had dismissed all of her federal claims. In light of the reinstatement of Sherlock's Title VII and ADEA claims, we also vacate the dismissal of the state-law claims.

## CONCLUSION

The judgment of the district court is affirmed insofar as it dismissed the claims asserted under 42 U.S.C. §§ 1981, 1983, and 1985(3). The judgment is vacated insofar as it dismissed the claims asserted under Title VII, the ADEA, and state law, and the matter is remanded for further proceedings not inconsistent with this opinion.

The parties shall bear their own costs with respect to this appeal.