104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Roger EMERICK, Plaintiff-Appellant,
v.
UNITED TECHNOLOGIES CORP., Defendant-Appellee.
 No. 96-7295.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 Present: LUMBARD, McLAUGHLIN, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 In June 1980, United Technologies Corp. ("UTC"), a defense manufacturer, hired Roger Emerick ("Emerick") as an engineer. During the summer of 1993, Emerick participated in two company programs known as "Straight Talk" and "DIALOG." These programs were created at the encouragement of the federal government to provide alternative dispute resolution, facilitate honesty in defense spending, and promote corporate self-criticism.
 
 
 4
 Through these programs, Emerick criticized UTC's management. Emerick claims that UTC denied him a promotion and terminated his employment in retaliation for his views.
 
 
 5
 Emerick sued in the United States District Court for the District of Connecticut (Nevas, J.) alleging a violation of 42 U.S.C. § 1983. UTC moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the motion. Emerick then moved to amend his complaint to state a stand-alone First Amendment claim. The district court denied the motion because such an amendment would be futile.
 
 
 6
 Emerick now appeals, arguing that (1) the district court erred when it dismissed his complaint; and (2) the district court abused its discretion when it denied him leave to file an amended complaint.
 
 
 7
 We review a district court's dismissal of a complaint for failure to state a claim de novo and will affirm only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Citibank v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir.1992).
 
 
 8
 42 U.S.C. § 1983 provides a civil cause of action against a person, acting under color of state law, who deprives one of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States. A party who claims that Constitutional rights have been violated must first establish that the challenged conduct amounts to state action. United States v. International Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir.1991). If there is no state action, the inquiry ends. See id. at 1297.
 
 
 9
 A state may be held responsible for private action only when it has exercised coercive power or has provided so much encouragement that the decision may fairly be viewed as that of the state. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).
 
 
 10
 UTC's firing of Emerick did not constitute state action, and therefore, dismissal of the action for failure to state a claim was appropriate. UTC is a private corporation. Although it has numerous government contracts, and uses some government owned equipment, its facilities and land are privately owned. Additionally, the government does not participate in its employment decisions. There is an insufficient connection between UTC and the government to find state action. See Sherlock v. Montefiore Medical Center, 84 F.3d 522, 527 (2d Cir.1996).
 
 
 11
 Emerick also argues that the district court abused its discretion when it denied his motion to file an amended complaint. We review a denial of leave to amend a complaint for abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). It is not an abuse of discretion to deny leave to amend a complaint when the amendment would be futile. Id.
 
 
 12
 As there was no state action for § 1983 purposes, there is also no state action for First Amendment purposes. Allowing Emerick to amend his complaint would have been futile, and therefore, the district court did not abuse its discretion.
 
 
 13
 We have considered all the additional arguments raised by Emerick, and find them to be without merit.
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.