Kevin LOFTIN, Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT OF MENTAL HEALTH, Manhattan Psychiatric Center, New York State Department of Audit and Control, Nec. Party/State of New York Department of Civil Service, Nec. Party, Defendants–Appellees.

Docket No. 03–7231.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Kevin Loftin, on submission, New York, New York, for Appellant, pro se.

Marion R. Buchbinder, Senior Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, on the brief; Daniel J. Chepaitis, Assistant Solicitor General) New York, New York, for Appellee, of counsel.

PRESENT: CARDAMONE, SOTOMAYOR, and KATZMANN Circuit Judges.

## SUMMARY ORDER

Kevin Loftin, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) dismissing as time-barred his Title VII wrongful termination suit against the New York State Department of Mental Health ("OMH") and Manhattan Psychiatric Center ("MPC"). On appeal, Loftin maintains that he did not receive a right-to-sue letter from the EEOC; however, he fails to provide any explanation or evidence as to why he never received two properly mailed right-to-sue letters, which were dated September 13, 1993 and October 22, 1993, and received by OMH on September 16, 1993 and October 25, 1993, respectively. For substantially the reasons set forth in the district court's Memorandum and Order entered on January 31, 2003, we affirm the district court's conclusion that Loftin failed to rebut the presumption that he received a right-to-sue letter from the EEOC in the due course of mails. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir.1996).

Even assuming late or faulty mailing of the right-to-sue letters, Loftin had actual notice of the EEOC's closure of his case upon receipt of the EEOC's August 6, 2001 letter advising him that his case had been closed. Despite having actual notice of closure, Loftin filed his complaint on June 14, 2002, more than 90 days later.[A13] Accordingly, his Title VII claim was time-barred.

For these reasons, the judgment of the district court is AFFIRMED.