**Hong GAN, Plaintiff,**

v.

**IBM (International Business Machines Corporation) Defendant.**

**No. 04 CIV. 1267(CM).**

United States District Court, S.D. New York.

Dec. 15, 2004.

Hong Gan, Belle Mead, NJ, Pro se.

## DECISION AND ORDER DISMISSING COMPLAINT

MCMAHON, District Judge.

Hong Gan worked for IBM as a member of the research staff from April 16, 2001 until July 19, 2002, when she was discharged from her employment.

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) on September 30, 2002, alleging discrimination on the basis of her race, gender and age. The EEOC investigated but found no evi-

dence of any violation of law. Accordingly, it issued a Dismissal and Notice of Suit Rights, which it mailed to plaintiff on September 11, 2003. The Notice notified plaintiff that she had ninety days within which to file suit against IBM in a federal court.

The Notice was sent to plaintiff at 123 Sterling Heights, Vernon Hills, Illinois. This is the address that was shown on plaintiff's charge. Plaintiff avers in her complaint (and I have no reason to disbelieve her) that she did not receive the notice until October 25, 2003, because she was living in New Jersey, not Illinois, and forwarded mail did not reach her quickly.

This action was commenced on December 23, 2003, more than 90 days after mail sent on September 11 would have been expected to be received, but less than 90 days from the date plaintiff actually laid eyes on the document. Defendant moved to dismiss the complaint.

In a prior order, dated September 14, 2004, I noted that the ninety day period starts to run on the day the Notice of Right to Sue is delivered to the address that the EEOC has, not on the date that the noticed is received at some forwarding address. However, plaintiff contended at oral argument on the motion that she had told the EEOC Office in New York (which originally handled her case) that she had two addresses, one in Illinois (her permanent address) and one in New Jersey (a temporary residence). At the court's request, the EEOC turned over its file on plaintiff's charge. The file showed that plaintiff's New Jersey address had been written by hand on a letter sent to plaintiff at her Illinois address on or about January 20, 2003. The file also contained evidence that when plaintiff's case was transferred for administrative purposes from the New York to the Boston EEOC office, plaintiff was notified by letter sent to the Illinois address. This letter was forwarded to her by her relatives in Illinois. Plaintiff thereafter called the Boston office to discuss the status of her case. The file contained no evidence that plaintiff ever told anyone in the Boston office about the New Jersey address.

I directed that Investigator Suarez of the New York office of the EEOC be deposed so that I could ascertain what plaintiff told the EEOC about addresses and whether plaintiff had asked that mail relating to her case be sent to her in New Jersey rather than Illinois. The deposition took place on October 25, 2004. At the deposition (which plaintiff elected not to attend), Suarez testified that he sent plaintiff a copy of IBM's position statement on her case using her Illinois address (that is the January 20 letter mentioned above). Shortly thereafter, plaintiff called Suarez to ask for additional time to respond to IBM. During that conversation, she gave Suarez her New Jersey address, which he hand-wrote on the top of his file copy of the January 20 letter, and asked that mail be sent to her there. However, on February 7, 2003, plaintiff faxed a letter to Suarez countermanding her request that mail be sent to her in New Jersey. The letter states:

> I have realized that my current apartment is temporal [sic]. Therefore please use my permanent home address presented above as my contact address to avoid potential information loss and please disregard my current apartment address that I provided you yesterday.

Lauri Aff. Ex.B. The EEOC complied with plaintiff's written request and did not change her address. Thus, all further correspondence was sent to plaintiff at the Illinois address—including the Right to Sue letter, receipt of which started the clock running on her 90 day window to sue.

The record thus clearly reveals that plaintiff directed the EEOC to send her correspondence at her Illinois address. Plaintiff's most recent response to IBM's motion, filed on December 2, 2004, does not even address this evidence. Instead it protests the presumption that a piece of mail sent within the United States will be received three days later. That presumption is, of course, rebuttable, and if there exists evidence that the Right to Sue letter was not delivered to the Illinois address until after September 24, 2003, plaintiff should have submitted it to the court. She did not offer any such evidence.

The ninety day period for bringing suit began to run on the day the Right to Sue Notice was delivered to plaintiff's Illinois address. The law presumes that the mail was delivered in three days, in the ordinary course. *See Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 526 (2d Cir. 1996). This would put the date of receipt in Illinois (the only relevant address) at September 14, 2003. Plaintiff's complaint was filed in the pro se office on December 23, 2003—103 days after the Notice was mailed and 100 days after it was presumptively received in Illinois. The complaint is not timely. It must be dismissed.

The Clerk of the Court is directed to enter judgment dismissing the Complaint. Each party bears its own costs.