Edwin G. ROBBINS, Plaintiff–
Appellant,

v.

Cathy CLOUTIER, both individually
and as the Director of the SPCA of
Upstate New York; SPCA of Upstate
New York, Inc.; the Town of Fort
Ann; John Aspland, individually and
in his official capacity as Town Super-
visor of the Town of Fort Ann; the
Town of Fort Edward; and Merrilyn
Pulver, individually and in her official
capacity as the Town Supervisor of
the Town of Fort Edward, Defen-
dants–Appellees.

No. 04–1092.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2005.

(Galvin & Morgan, Delmar, NY, On sub-
mission), for Appellant.

Dreyer Boyajian LLP, Albany, NY, for Appellees Cathy Cloutier and the SPCA.

Girvin & Ferlazzo, P.C., Albany, NY, for Appellees Town of Fort Ann and John Aspland.

Petrone & Petrone, P.C., Rochester, NY, for Appellees Town of Fort Edward and Merrilyn Pulver.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is **AFFIRMED.**

Edwin G. Robbins appeals from an order entered in the United States District Court for the Northern District of New York (McAvoy, *J.*) on January 22, 2004, dismissing his complaint for failure to state a claim. We assume that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

This Court reviews the district court's Rule 12(b)(6) dismissal *de novo. Paine-Webber Inc. v. Bybyk,* 81 F.3d 1193, 1197 (2d Cir.1996); *Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth.,* 23 F.3d 636, 639 (2d Cir.1994).

Robbins alleges that the defendants violated his rights under 42 U.S.C. § 1983. The district court dismissed Robbins' action as to all defendants, holding that the SPCA and Cloutier were not state actors for the purpose of employment decisions, and that Robbins failed to allege a conspiracy between the municipal defendants and the SPCA.

■ To constitute state action, any defendant's action must be fairly attributable to the state. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The SPCA is under contract with various municipalities to provide animal control services; "an independent contractor rendering such services [may be] a state actor within the meaning of § 1983 with respect to the services so provided ... but that fact does not make the contractor a state actor with respect to its employment decisions." *Sherlock v. Montefiore Medical Center,* 84 F.3d 522, 527 (2d Cir.1996). Robbins' allegations are insufficient to tie his employment to any state action. New York Agricultural and Markets Law § 114 requires municipalities either to hire animal control officers or to contract with an organization to provide such services. Notwithstanding Robbins' allegation of "quasi-contract," Robbins was an at-will employee of the SPCA. Robbins' contention that he is a "peace officer" or otherwise an employee of the state is baseless: a municipality may hire a dog control officer directly under § 114(1), but that is not what happened here.

Nothing in the complaint alleges that anyone other than Cloutier (and perhaps the SPCA board) had any role in terminating Robbins' employment. Even if it is arguably relevant that the board member who gave Robbins his termination notice was also a Warren County sheriff, the two towns named in the complaint are located in another county, and were obviously not involved either in the underlying animal control investigation or in the firing. Nor is there an allegation of any specific municipal policy or custom that could have in any way influenced the SPCA in firing

*The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Robbins. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Additionally, Robbins alleges that the towns conspired with the SPCA to deprive him of his liberty and property. In order to survive a motion to dismiss, a plaintiff's § 1983 conspiracy claim must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir.2002). A plaintiff "should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; [d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Dwares v. City of New York*, 985 F.2d 94, 99–100 (2d Cir.1993) (internal citations and punctuation omitted, alteration in original).

Robbins asserts only that defendants "have allegedly acted in a concerted effort," have "allegedly agreed to not hire Plaintiff and to inform other municipalities and private entities to refrain from hiring Plaintiff" and "have allegedly done overt acts in order to effectuate their common plan." These vague and conclusory allegations are plainly insufficient.

We need not (and do not) reach the question of whether Robbins successfully alleges constitutional injury. *See Board of Regents v. Roth*, 408 U.S. 564, 577–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (discussing necessary factors for finding continued employment to be a constitutionally recognized property interest).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**