Hugh DAWES, Plaintiff–Appellant,

v.

CITY UNIVERSITY OF NEW YORK, Defendant–Appellee.

No. 05–3510–CV.

United States Court of Appeals, Second Circuit.

Aug. 11, 2006.

Leslie Ben–Zvi; Queller, Fisher, Dienst, Serrins, Washor & Kool; New York, NY, for Plaintiff–Appellant.

Michael Cardozo, Corporation Counsel, Grace Goodman, Senior Counsel, The City of New York Law Department; New York, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Hugh Dawes, *pro se,* appeals the judgment of the District Court for the Southern District of New York (Barbara Jones, *J.*), dismissing his employment discrimination complaint against the City University of New York ("CUNY"), filed under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e–17, as untimely filed. Familiarity with the record below and the issues on appeal is presumed.

As an initial matter, it is well-established that a notice of appeal filed before the disposition of a post-trial motion " 'shall have no effect.' " *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 60, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (quoting FED. R. APP. P. 4(a)(4)). Because Dawes did not file a new notice of appeal from the district court's denial of his Rule 60 motion, this Court is precluded from considering that motion, as well as the exhibits attached thereto, and our review is limited to the original order of the district court dismissing his complaint.

This Court reviews *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), with all inferences drawn in favor of the nonmoving party. *See Moore v. PaineWebber, Inc.,* 189 F.3d 165, 169 (2d Cir.1999). Under Rule 12(b)(6), dismissal is proper for pleadings that fail to state a claim upon which relief can be granted.

Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A Title VII claimant must file his complaint not more than 90 days after receipt of a right-to-sue letter from the EEOC. *See Cornwell v. Robinson,* 23 F.3d 694, 706 (2d Cir.1994) (citing 42 U.S.C. § 2000e–5(f)(1)).

In the present case, Dawes's complaint was properly dismissed as untimely. In his complaint, he indicates that he—not his attorney—received his right-to-sue letter on June 4, 2003. It was not until CUNY pointed out that Dawes had filed his complaint 92 days after receiving his right-to-sue letter that Dawes claimed that his former attorney had actually received the letter on June 4, 2003, and had forwarded it to him sometime after June 11, 2003. Tellingly, Dawes did not claim that he had not received a separate copy of the letter at his home on or before June 4, 2003. It appears as though Dawes did receive a right-to-sue letter directly from the EEOC on or before June 4, 2003, as Dawes's home address is the only address that appears on the May 30, 2003 letter. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir.1996) (a right-to-sue letter is normally assumed to have been received three days after its mailing, and to have been mailed "on the date shown on the notice"). Moreover, the letter that he received from his attorney (along with a copy of the right-to-sue letter) in no way indicates that, at the time that it was sent, Dawes was no longer represented by counsel. Accordingly, Dawes should be deemed to have received the right-to-sue letter on June 4, 2003 at the latest. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Thus, the pleadings overwhelmingly indicate that Dawes's complaint was untimely filed.

We have considered Plaintiff's remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.