11-3072-cv, 11-4624-cv
Faddis-Decerbo v. Astor Servs. for Children & Families

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of October, two thousand twelve.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
*Circuit Judges*,
JOHN GLEESON,
*District Judge.*[*]

_____

NANCY FADDIS-DECERBO, VICTORIA LOWE,
*Plaintiffs-Appellants*,

v.                                                              Nos. 11-3072-cv, 11-4624-cv

ASTOR SERVICES FOR CHILDREN & FAMILIES,
MARY SONTHEIMER, in Her Individual &
Corporate Capacities as Assistant Executive Director,
PHD, KONSTANTINOS (GUS) TSOUBRIS, in His
Individual & Corporate Capacities as Associate
Executive Director for Hudson Valley Community
Based Mental Health & Prevention Programs,
KIM STELLA, in Her Individual & Corporate
Capacities as Program Director of Astor's Bridges
To Health Program, CYNDI PALMA, in Her
Individual & Corporate Capacities as Former

_____

[*] The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Program Director for Astor's Bridges To Health
Program and Present Director of Astor's Community
Based Behavioral Health Services, Early Childhood
Programs, MELINDA WEISBERG, in Her Individual
& Corporate Capacities as Assistant Executive
Director, Public Policy & Organizational
Development, JOHN DOES 1 THROUGH 5,
in Their Individual and Corporate Capacities,
                    *Defendants-Appellees*.[**]

_____

FOR APPELLANTS:      JAMES P. DROHAN, Thomas, Drohan, Waxman, Petigrow &
                     Mayle, LLP, Hopewell Junction, NY.

FOR APPELLEES:       JIMMY M. SANTOS, Law Offices of Jimmy M. Santos, PLLC,
                     Cornwall, NY.


Appeal from the United States District Court for the Southern District of New York

(Seibel, *J.*, and Briccetti, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgments of the district court are AFFIRMED.

In these consolidated appeals, plaintiffs-appellants Nancy Faddis-DeCerbo and

Victoria Lowe appeal from orders of the district court in their separate actions, granting

summary judgment for defendants-appellees and denying Faddis-DeCerbo's and Lowe's

cross-motions for summary judgment. We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal.

"We review de novo a district court's ruling on cross-motions for summary judgment,

in each case construing the evidence in the light most favorable to the non-moving party."

---

[**] The Clerk of Court is respectfully directed to amend the caption as shown above.

Fund for Animals v. Kempthorne, 538 F.3d 124, 131 (2d Cir. 2008) (internal quotation marks omitted). "We will affirm the grant of summary judgment only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012), quoting Fed. R. Civ. P. 56(a). Having conducted an independent and de novo review of the record, we find no error in the district court rulings.

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). Plaintiffs bringing suit under 42 U.S.C. § 1983 are therefore required to demonstrate that defendants acted under color of state law when they engaged in the challenged conduct. See Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012). "In analyzing whether a private entity acts under color of state law for purposes of § 1983, we begin 'by identifying the specific conduct of which the plaintiff complains,' rather than the general characteristics of the entity." Id. at 207, quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999).

We need not decide whether defendant-appellee Astor Services for Children & Families ("Astor"), a private not-for-profit organization, engages in state action when it provides mental health, welfare, and development services to children in its community. Plaintiffs-appellants have failed to put forth any evidence that Astor acted under color of state law for purposes of § 1983 when it decided to fire them. That Astor is subject to state

regulation, performs some of the same services as the government, and receives public funding does not render it a state actor when it makes employment decisions. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 527 (2d Cir. 1996) ("The fact that a municipality is responsible for providing medical attention to persons held in its custody may make an independent contractor rendering such services a state actor within the meaning of § 1983 with respect to the services so provided, but that fact does not make the contractor a state actor with respect to its employment decisions." (citations omitted)). "Here the decisions to discharge the [plaintiffs] were not compelled or even influenced by any state regulation," Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982), and the state was not in any sense "a joint participant in the challenged activity," Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961). Accordingly, Astor's decision to terminate plaintiffs-appellants is not "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Because the decisions to terminate Faddis-DeCerbo and Lowe did not constitute state action for purposes of § 1983, their First Amendment retaliation claims fail as a matter of law. We therefore need not consider plaintiffs-appellants' remaining arguments. For the foregoing reasons, the judgments of the district court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4