16-1373-cv
Frederick v. JetBlue Airways Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT:   AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                    CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

-----------------------------------------------------------------

ELSA FREDERICK,

*Plaintiff-Appellant*,

v.                                                                        No. 16-1373-cv

JETBLUE AIRWAYS CORPORATION,

*Defendant-Appellee.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:           Chauncey D. Henry, Henry Law
                                                            Group, Baldwin, NY.
FOR DEFENDANT-APPELLEE:           Matthew A. Steinberg, Akerman LLP,
                                                            New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Elsa Frederick ("Frederick") appeals from the judgment of the United States District Court for the Eastern District of New York (Irizarry, C.J.) entered on April 1, 2016, principally dismissing her federal claims against JetBlue Airways Corporation ("JetBlue") as untimely. Frederick alleged that she was a victim of race and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a) ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Code § 8-107(1)(a) ("NYCHRL"). On appeal, Frederick argues principally that the District Court erred first in dismissing her Title VII and ADEA claims as untimely and not subject to equitable tolling, and second in declining to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We agree with the District Court that Frederick's Title VII and ADEA claims were untimely because her complaint was filed after the 90-day deadline following her first dismissal notice from the Equal Employment Opportunity Commission. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). We also conclude that the District Court did not abuse its discretion when it determined that Frederick failed to show any "extraordinary" circumstances warranting equitable tolling. Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80–81 (2d Cir. 2003).

As an initial matter, Frederick failed to show that she satisfied the first prong of the equitable tolling test, namely, that she "acted with reasonable diligence during the time period she seeks to have tolled." Id. at 80. Nor did she satisfy the second prong, requiring that she "prove[] that the circumstances are so extraordinary that the doctrine should apply." Id. at 81. As the Supreme Court recently "reaffirm[ed]," "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016). We reject Frederick's argument that the lack of a mailing date in the first dismissal notice caused her to reasonably misunderstand that the 90-day deadline applied to that first dismissal notice. The first dismissal notice, which Frederick indisputably received, clearly stated that her "lawsuit must be filed within 90 days of . . . receipt of this notice." App'x 57 (emphasis added). In any event, the first dismissal notice was enclosed with a dated letter from the EEOC, thereby giving Frederick sufficient notice of the mailing date.

Furthermore, because all of Frederick's federal claims were dismissed before trial, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims, and dismissing the state law claims without prejudice. See Kolari v. New York–Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

We have considered all of Frederick's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court