15-3422
*Jones v. Rochester City Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
>    *Circuit Judges.*

_____

HOWARD JONES,

> *Plaintiff-Appellant*,

> v.                No. 15-3422

ROCHESTER CITY SCHOOL DISTRICT,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:       Melvin Bressler, Pittsford, NY.

For Defendant-Appellee:      Cara M. Briggs, Associate General Counsel, Rochester City School District, Rochester NY.

Appeal from a judgment of the United States District Court for the Western District of

New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Howard Jones appeals from a final judgment granting summary judgment in favor of the defendant and dismissing his claims for retaliation, pleaded as violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts and the procedural history of this case.

We review *de novo* an award of summary judgment for claims under Title VII, § 1981, and the NYSHRL. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010); *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (§ 1981). "Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

We analyze all of Appellant's retaliation claims according to standards applicable to Title VII. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *see Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("Most of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981. . . ."); *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir. 1996) ("We consider [plaintiff's] state law claims in tandem with her Title VII claims because New York courts rely on federal law when determining claims under the New York [State] Human Rights Law."). "Federal and state law retaliation claims are reviewed under the burden-shifting approach of *McDonnell Douglas*. . . ." *Zann Kwan*, 737 F.3d at 843 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). "Under the first step of the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case of retaliation by

showing 1) 'participation in a protected activity'; 2) the defendant's knowledge of the protected activity; 3) 'an adverse employment action'; and 4) 'a causal connection between the protected activity and the adverse employment action.'" *Id*. at 844 (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)). The plaintiff's burden of proof at this first step is "minimal." *Id.*

Appellant does not dispute that, if he received his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on June 29, 2011, his Title VII claim was untimely. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter."); 42 U.S.C. § 2000e-5(f)(1). He asserted in his complaint, and acknowledged during summary judgment, that he did in fact receive the right-to-sue letter on June 29, 2011. On appeal, he offers a letter from the Director of the Buffalo office of the EEOC stating that the EEOC's computer log reflects that the right-to-sue letter was *mailed* to Appellant's attorney on June 29, 2011. According to Appellant, we should assume that he did not receive the letter for at least three days, rendering his Title VII claim timely. *See, e.g.*, *Sherlock*, 84 F.3d at 525 ("Normally it is assumed that a mailed document is received three days after its mailing."). We decline to apply this assumption because Appellant made clear in his complaint and summary judgment papers that he *received* the letter on June 29, 2011.

The district court, moreover, correctly ruled that all of Appellant's retaliation claims—including the claim brought under Title VII—failed on the merits. The district court concluded that the gravamen of the complaint, that the defendant punished Jones for filing an EEOC complaint, failed because the defendant disciplined Jones before it was aware that he had filed a complaint with the EEOC. Appellant does not challenge this ruling on appeal. Instead, he points to other evidence of retaliation, i.e., that his job evaluation scores were changed, he was prevented

from working overtime, and he was disciplined for being late to work during a blizzard. The district court correctly concluded, however, that his vague statements concerning the denial of overtime were insufficient to survive summary judgment.

Although the district court did not address Appellant's testimony regarding the changed evaluation scores and the blizzard incident, "[w]e may, of course, affirm on any ground that finds support in the record." *In re Adderall XR Antitrust Litig.*, 754 F.3d 128, 134 n.4 (2d Cir. 2014). We easily conclude that neither Appellant's testimony nor his conclusory contentions on appeal draw a sufficient connection between these incidents and any protected activity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (observing that the temporal proximity between an employer's knowledge of a protected activity and an adverse employment action "must be very close" (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)); *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (observing that the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))); *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." (alterations in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986))).

We have considered all of Appellant's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk