17-2743-cv
*Flora Ko v. JP Morgan Chase Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand and eighteen.

Present:
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> > *Circuit Judges,*
> **TIMOTHY C. STANCEU,**\*
> > *Judge.*

---

FLORA KO,

> *Plaintiff-Appellant,*

> v.                                                             No. 17-2743-cv

JP MORGAN CHASE BANK, N.A.,

> *Defendant-Appellee.*

---

| | |
|---|---|
| For *Plaintiff-Appellant*: | Chauncey D. Henry, Henry Law Group, Garden City, N.Y. |
| For *Defendant-Appellee*: | Thomas J. Cahill, (Jennifer Philbrick McArdle, *on the brief*), Satterlee Stephens LLP, New York, N.Y. |

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Flora Ko appeals from the district court's judgment dismissing her complaint that brought claims against her former employer, JP Morgan Chase Bank, N.A., for age discrimination under the Age Discrimination and Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, and New York State and City Human Rights laws. The district court granted JP Morgan Chase's Rule 12(b) motion because the complaint was not timely filed and it failed to state a claim upon which relief can be granted. Ko asserts that the district court should have denied the motion to dismiss by applying the doctrine of equitable tolling and should have allowed her leave to amend her complaint. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

Both the ADEA and Title VII provide that an employment discrimination suit must be filed within 90 days of the receipt of the right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). Failure to bring suit within the 90-day limitation period is fatal to the claim unless subject to equitable tolling. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) ("While the 90-day rule is not

2

a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982))). This Court presumes that a mailed document is received three days after its mailing, *see Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996), and that the notice is presumed to have been mailed on the date shown on the notice, *see id.*

Based on the three-day rule of *Sherlock*, Ko received her right-to-sue letter on July 2, 2016, but did not file her complaint in the district court until October 2, 2016— two days after the ninety-day deadline of Friday, September 30, 2016. On appeal, Ko does not challenge the legal presumptions articulated in *Sherlock*, or provide evidence to rebut the presumption that she received her right-to-sue letter on July 2, but instead she argues the district court should have applied equitable tolling to find her complaint timely because the weekend after her letter was sent was the Independence Day holiday weekend. While we review *de novo* the grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor, *see Scutti Enters., LLC. v. Park Place Entm't. Corp.*, 322 F.3d 211, 214 (2d Cir. 2003), we review a district court's decision to deny equitable tolling for abuse of discretion, *see Alli–Balogun v. United States*, 281 F.3d 362, 367–68 (2d Cir. 2002).

When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine has "acted with reasonable diligence during the time period she seeks to have tolled" and

3

must prove that the circumstances are so extraordinary that the doctrine should apply. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). "One who fails to act diligently cannot invoke equitable principles to excuse [a] lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Here, Ko has not demonstrated that she acted diligently during the ninety-day time period or that the circumstances are so extraordinary in her case as to warrant equitable tolling. Every litigant seeking relief from a district court must navigate federal holidays in the calendar, and Ko provides no authority suggesting that equitable tolling should be granted for alleged delays in the mail service. *See Sherlock*, 84 F.3d at 525–26. We conclude, therefore, that the district court did not abuse its discretion in declining to grant equitable tolling to excuse Ko's untimely complaint.

Ko also asserts she should have been given leave amend her complaint, and the district court erred by denying that request. We review denial of leave to amend under an "abuse of discretion" standard, s*ee McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), except in circumstances when the denial of leave to amend is based on a legal interpretation, such as a determination that the amendment would be futile, in which case a reviewing court conducts a *de novo* review, *see Hutchinson v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

The district court did not abuse its discretion by refusing to accept Ko's amended complaint because it was improperly filed. JP Morgan Chase moved to dismiss Ko's original complaint on January 31, 2016, and stipulated that Ko's time to

4

oppose the motion would be extended to February 24, 2016. That stipulation did not extend Ko's time to amend her complaint. The district court correctly noted that Ko could not amend her complaint as of right under Fed. R. Civ. P. 15(a)(1)(B) because she filed her amended complaint more than 21 days after being served with JP Morgan Chase's motion to dismiss. Moreover, because Ko did not file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), the district court did not abuse its discretion by declining to treat Ko's untimely, unauthorized amended complaint as a motion seeking leave to amend.

To the extent that Ko's appeal implicitly challenges any of the other findings of the district court, we decline to consider those arguments. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We have considered Plaintiff's remaining arguments and find them to be without merit.

We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5