11-2576-cv
*Tiberio v. Allergy Asthma Immunology of Rochester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: December 6, 2011                                   Decided: December 20, 2011)

Docket No. 11-2576-cv

_____

LORRIE A. TIBERIO,

     *Plaintiff-Appellant*,

     v.

ALLERGY ASTHMA IMMUNOLOGY
OF ROCHESTER,

     *Defendant-Appellee.*

_____

Before: MINER, CABRANES, and WESLEY, *Circuit Judges.*

Appeal from a May 27, 2011 judgment entered in the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*), dismissing the plaintiff's disability discrimination claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, as untimely. Concluding that the 90-day limitations period provided by 42 U.S.C. § 2000e-5(f)(1) begins to run when a right-to-sue letter issued by the Equal Employment Opportunity Commission is received either by the claimant or by the claimant's counsel, we affirm the judgment of the District Court.

STEVEN E. LAPRADE (Christina A. Agola, *of counsel*), Brighton, NY, *for Plaintiff-Appellant Lorrie A. Tiberio.*

PAUL F. KENEALLY, Underberg & Kessler LLP, Rochester, NY, *for Defendant-Appellee Allergy Asthma Immunology of Rochester.*

PER CURIAM:

We write to clarify that the 90-day limitations period for bringing an employment discrimination claim begins to run when a right-to-sue letter is first received either by the claimant or by the claimant's counsel.

Plaintiff-appellant Lorrie A. Tiberio ("Tiberio") appeals from a May 27, 2011 judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*), dismissing her disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, as untimely. Concluding that the 90-day limitations period provided by 42 U.S.C. § 2000e-5(f)(1)[1] begins to run when a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC" or "Commission") is first received either by the claimant or by the claimant's counsel, we affirm the judgment of the District Court.

## **BACKGROUND**

Tiberio was hired by defendant-appellee Allergy Asthma Immunology of Rochester, P.C. ("AAIR") as an "RN-Infusion Nurse" on or about June 11, 2007. She was fired from her position on May 12, 2010, following accusations that she had unlawfully gained access to the medical charts of other employees and had "falsely order[ed] prescriptions." Tiberio thereafter filed a disability discrimination charge with the New York State Division of the Human Rights and the EEOC, and the latter issued a

---

[1] 42 U.S.C. § 2000e-5(f)(1) provides, in relevant part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . .

2

right-to-sue letter on November 24, 2010.   The right-to-sue letter was mailed to Tiberio, with copies to AAIR and to Tiberio's counsel, Christina Agola.

Tiberio commenced this action by filing a Complaint in the District Court on February 28, 2011, 96 days after the right-to-sue letter was issued.   By Decision and Order dated May 26, 2011, the District Court dismissed Tiberio's ADA claim as untimely and declined to exercise supplemental jurisdiction over her remaining state law claim.   This appeal followed.

**DISCUSSION**

The sole issue on appeal is whether the District Court erred in dismissing Tiberio's ADA claim as time-barred.   We review *de novo* a district court's grant of a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

*A. Presumption of Notice*

In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC.   *See* 42 U.S.C. § 2000e-5(f)(1) (specifying that a Title VII action must be brought within 90 days of the claimant's notification of her right to sue); *id.* § 12117(a) (applying the Title VII limitations period to claims brought under the ADA).[2]   There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice.   *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984)).   There is a further presumption that a mailed document is received three days after its mailing.   *See id.* at 525.   The initial

---

[2] 42 U.S.C. § 12117(a) provides, in relevant part:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

presumption is not dispositive, however, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Id.* at 526.

In this case, the Complaint states that Tiberio actually received the right-to-sue-letter but does not specify the date of receipt. In the absence of contrary evidence, we presume that Tiberio received the notice on November 27, 2010, three days after the notice was mailed.

### B. *Notice to Counsel*

On appeal, Tiberio principally contends that the date on which her attorney received the right-to-sue letter should control the limitations inquiry. Agola, who represented Tiberio before the EEOC, allegedly received the right-to-sue letter on November 29, 2010. Ninety days from November 29, 2010 was February 27, 2011, a Sunday. Relying on that calculation, Tiberio appeals to the time computation rules set forth in the Federal Rules of Civil Procedure in order to extend the limitations period by an additional day. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, if the last day of the limitations period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Tiberio argues that because her filing date—Monday, February 28, 2011—was the "next day" for purposes of Rule 6, her claims are therefore timely.

The trouble with Tiberio's calculation of the limitations period is that her starting date is incorrect. It is well established that "notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990). But the general principle of constructive notice does not affect, much less vitiate, the operative presumptions regarding the receipt of an EEOC right-to-sue letter by the claimant herself. Indeed, to abandon these presumptions would permit a claimant represented by counsel to gain an

4

extension of time, notwithstanding her *own* receipt of an EEOC notice, simply by virtue of a subsequent delivery of the notice to her attorney. That cannot be the law. Accordingly, we now hold that the 90-day limitations period set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier. *See Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (per curiam); *cf. Josiah-Faeduwor v. Commc'ns Satellite Corp.*, 785 F.2d 344, 346-47 (D.C. Cir. 1986) (per curiam) (applying the same rule to actions brought under Title VII); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984) (per curiam) (same).

None of the authority that Tiberio cites to bolster her position alters this result. While we note the possibility of a different outcome where counsel *requests* service in lieu of service on the claimant, *see Gonzalez v. Stanford Applied Eng'g*, 597 F.2d 1298, 1299 (9th Cir. 1979) (per curiam), there is no record of such a request in this case. Tiberio's reliance on Part 1614 of the Code of Federal Regulations is similarly unavailing, as that provision applies only to federal-sector employment.[3] Because Tiberio initiated this action on February 28, 2011—93 days after her presumptive receipt of the right-to-sue letter—the District Court properly held that her claim is time-barred.

---

3  29 C.F.R. § 1614.103(b) provides, in relevant part:

> This part applies to: (1) Military departments as defined in 5 U.S.C. § 102; (2) Executive agencies as defined in 5 U.S.C. § 105; (3) The United States Postal Service, Postal Rate Commission and Tennessee Valley Authority; (4) All units of the judicial branch of the Federal government having positions in the competitive service, except for complaints under the Rehabilitation Act; (5) The National Oceanic and Atmospheric Administration Commissioned Corps; (6) The Government Printing Office; and (7) The Smithsonian Institution.

# **CONCLUSION**

To summarize:

(1) We hold that the 90-day limitations period set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by the claimant's counsel, whichever is earlier.

(2) Because Tiberio initiated this action 93 days after her presumptive receipt of the right-to-sue letter, the District Court properly held that her claim is time-barred.

Accordingly, the order of the District Court is hereby **AFFIRMED**.

6