Stevenson v. New York Dep't of Corr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

Laverne Stevenson,

> *Plaintiff-Appellant*,

> v.                                                             11-4538

New York Department of Corrections,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:          Laverne Stevenson, *pro se*, Uniondale, NY.

FOR DEFENDANTS-APPELLEES:          Fay Sue Ng, Lisa Ann Giunta, Assistant
                                                          Corporation Counsel of the City of New
                                                          York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Laverne Stevenson, proceeding *pro se*, appeals from the district court's dismissal of her Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17 ("ADA"), complaint as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Upon such review, we conclude that Stevenson's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order. In order to be timely, an ADA claim must be filed "within 90 days of the claimant's receipt of a right-to-sue letter from the [Equal Employment Opportunity Commission]." *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam). Stevenson has not shown that she timely filed the instant suit. Nor has Stevenson demonstrated the existence of "rare and exceptional circumstances" that justify the equitable tolling of the 90-day deadline. *Zerilli-*

2

*Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). We have considered all of

Stevenson's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk