**Pauline FOSTER, Plaintiff,**

v.

**WALGREEN CO., Defendant.**

**No. 13–cv–6520 EAW.**

United States District Court,
W.D. New York.

Signed April 16, 2014.

Pauline Foster, Rochester, NY, pro se.

Sharon M. Porcellio, Bond, Schoeneck & King, PLLC, Buffalo, NY, Katherine S. McClung, Bond Schoeneck & King PLLC, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

*Pro se* Plaintiff Pauline Foster ("Plaintiff"), a former employee of Defendant Walgreen Co.[1] ("Defendant"), alleges De-

---

1. The Court hereby amends the caption of the case *sua sponte* to reflect Defendant's correct

fendant engaged in unlawful employment discrimination because of Plaintiff's race, age, and disability, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Dkt. 1). Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 7). Defendant contends that Plaintiff's complaint is untimely. (*Id.*) For the following reasons, Defendant's motion is granted and the complaint is dismissed.

## BACKGROUND

Plaintiff was employed by Defendant until her termination in December 2012. (Dkt. 1 at ¶ 19).[2] Shortly after her termination, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging race, age, and disability discrimination. (*Id.* at ¶ 8). The complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. 7–2 at ¶ 3). On March 29, 2013, the NYSDHR issued a determination of "No Probable Cause" to believe that Defendant engaged in the alleged discrimination. (*Id.* at ¶ 4).

On June 14, 2013, the EEOC issued Plaintiff a "right-to-sue" letter, notifying Plaintiff that the EEOC adopted the

NYSDHR's findings. (Dkt. 1–1 at 1). That letter also instructed Plaintiff that any lawsuit she may wish to file "under federal law . . . **must be filed *WITHIN 90 DAYS* of your receipt of this notice;** or, your right to sue based on this charge will be lost." (*Id.*) (emphasis in original).

Plaintiff alleges that she received the "right-to-sue" letter from the EEOC on June 14, 2013. (Dkt. 1 at ¶ 12).

Plaintiff filed her complaint on September 23, 2013, 101 days after she received her "right-to-sue" letter from the EEOC. (Dkt. 1).

## DISCUSSION

Title VII, ADA, and ADEA claims must be filed in federal court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e). The 90–day limit is strictly construed. *See Hughes v. Elmira Coll.*, 584 F.Supp.2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where plaintiff filed complaint 91 days after right-to-sue letter received). Equitable tolling of the time limitation is only appropriate in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74,

---

corporate name.

**2.** Plaintiff alleges in her complaint that she was terminated in or about December 2013 (Dkt. 1 at ¶ 19), but this is impossible as Plaintiff filed her complaint on September 23, 2013 (Dkt. 1). Additionally, Plaintiff alleged in her NYSDHR complaint, dated January 7, 2013, that she was terminated on December 14th. (Dkt. 7–3 at 12, 14). In other words, it appears that Plaintiff made a typographical error, and that the correct date is December 2012. "Allowing for an honest mistake in the

pleadings is within the court's discretion. . . ." *Soto v. Wright*, No. 11 Civ. 2289(PAC)(JLC), 2013 WL 474291, at *1 n. 1, 2013 U.S. Dist. LEXIS 14203, at *4 n. 1 (S.D.N.Y. Feb. 1, 2013); *see also Balestriere PLLC v. CMA Trading, Inc.*, No. 11 Civ. 9459(MHD), 2014 WL 929813, at *13 n. 5, 2014 U.S. Dist. LEXIS 32151, at *41 n. 15 (S.D.N.Y. Mar. 7, 2014) (correcting *pro se* plaintiff's references to a June 28, 2010 delivery to be a June 28, 2011 delivery, in accordance with the timing of other events alleged).

80 (2d Cir.2003) (internal quotations and citations omitted).

 "The equitable considerations that have been recognized as justifying tolling the limitations period have been applied sparingly." *Nearhood v. Tops Mkts., Inc.,* 76 F.Supp.2d 304, 306 (W.D.N.Y.1999). "[T]he Supreme Court has recognized only four situations justifying equitable tolling of Title VII's time limits: (1) where a claimant receives inadequate notice of the right to sue; (2) where circumstances justify tolling while a claimant's motion for appointment of counsel is pending; (3) where the court has led a plaintiff to believe she has done everything required of her; or (4) where affirmative conduct by the defendant has lulled the plaintiff into inaction." *Coffey v. Donahoe,* No. 12–CV–138A, 2013 U.S. Dist. LEXIS 90823, at *12 (W.D.N.Y. Feb. 22, 2013) (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). The district court should also consider whether the plaintiff "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass,* 333 F.3d at 80–81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002)).

 Even construing Plaintiff's papers liberally, there are no extraordinary facts that would justify equitable tolling in this case. Plaintiff asks the Court to proceed with her case despite her delay in commencing the action, arguing that she

has poor math skills. (Dkt. 10). However, Plaintiff's errors in calculating the time to file her claim do not provide grounds to extend the limitations period. *Smith v. Sebelius,* No. 10 Civ. 6356(JSR)(DF), 2011 WL 7427733, at *6, 2011 U.S. Dist. LEXIS 153610, at *17 (S.D.N.Y. Dec. 28, 2011) ("In any event, the mere fact that a plaintiff relies on a faulty assumption in making the time calculation cannot suffice to toll the statute."); *see also Thomas v. Providence Hous. Dev. Corp.,* No. 11–CV–6480 CJS, 2013 WL 2147422, at *1, 2013 U.S. Dist. LEXIS 69399, at *2–3 (W.D.N.Y. May 15, 2013) (dismissing plaintiff's claims as untimely because they were filed 93 days after receipt of right-to-sue letter); *Manley v. New York City Police Dept.,* No. CV–05–679(FB)(LB), 2005 WL 2664220, at *3–5, 2005 U.S. Dist. LEXIS 24379, at *10–13 (E.D.N.Y. Oct. 18, 2005) (dismissing plaintiff's claims as untimely for filing 91 days after receipt of the right-to-sue letter, despite plaintiff's arguments that he "lost track of time" and thought the days were calculated by business days, not calendar days). Indeed, "in the absence of a recognized equitable consideration the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984) (internal quotations and citations omitted).

Here, Plaintiff alleges that she received her EEOC right-to-sue letter on June 14, 2013.[3] (Dkt. 1 at ¶ 12). Plaintiff did not commence this action until September 23, 2013. As a result, Plaintiff failed to file her complaint within the required 90 days.

---

**3.** Plaintiff alleges that she received the right-to-sue letter on June 14, 2013, which is the same date as the mailing date listed on the letter. Of course, there is a presumption that a mailed document is received three days after its mailing. *See Tiberio v. Allergy Asthma Immunology of Rochester,* 664 F.3d 35, 37

(2d Cir.2011) ("There is a ... presumption that a mailed document is received three days after its mailing."). Even applying the presumption that Plaintiff received the letter as late as June 17, 2013, Plaintiff's action would be time-barred.

## *CONCLUSION*

Because it appears from the face of Plaintiff's complaint that her action was not timely filed, and because no equitable considerations warrant tolling of the limitations period, Defendant's motion to dismiss (Dkt. 7) is granted, and Plaintiff's complaint is dismissed in its entirety.

SO ORDERED.