Hanlan v. Strong Mem. Hosp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

———————————————————————

Winston H. Hanlan,

> *Plaintiff-Appellant*,

> v.                                                                13-2193

Strong Memorial Hospital,

> *Defendant-Appellee*.

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Winston Hanlan*, pro se*, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**          No Appearance.

Appeal from the May 6, 2013 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Winston Hanlan, proceeding *pro se*, appeals from the District Court's judgment *sua sponte* dismissing his complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, for failure to timely file an administrative claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal pursuant to 28 U.S.C. § 1915(e)(2).[1] *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Courts should read *pro se* complaints liberally with "special solicitude" and interpret them to raise the "strongest [claims] that [they] suggest[]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

We have reviewed the record and conclude that the District Court properly dismissed Hanlan's Title VII claim because he failed to: (1) file a timely charge with the Equal Employment Opportunity Commission; (2) obtain a so-called "right-to-sue letter;" or (3) file a timely action upon receipt of that letter, as required to state a claim under Title VII. *See* 42

---

[1] 28 U.S.C. § 1915(e)(2)(B) provides that a district court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."

U.S.C. § 2000e-5(e),(f); *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011).

We have considered Hanlan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3