Perez v. Mason Tenders District Council

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

XIOMARA PEREZ,

*Plaintiff-Appellant*,

v.                                                                      No. 17-3896-cv

MASON TENDERS DISTRICT COUNCIL TRUST
FUNDS,

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                   Xiomara Perez, pro se, New York, NY.

FOR DEFENDANT-APPELLEE:                   Joseph C. O'Keefe, Proskauer Rose LLP, Newark, NJ.

1

Appeal from a November 3, 2017, judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Xiomara Perez, proceeding pro se, appeals the district court's judgment dismissing her employment discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, against Mason Tenders District Council Trust Funds ("Mason Tenders") as untimely.

On appeal, Perez raises two issues: (1) whether her attorney's neglect entitles her to equitable tolling; and (2) whether evidence and arguments raised for the first time in Perez's reply brief may overcome her concession in her trial court filings and opening brief that her complaint was untimely. For its part, Mason Tenders has moved to strike the portions of Perez's reply that rely on new evidence to make new arguments. We assume the parties' familiarity with the underlying facts and the procedural history of the case. For the reasons that follow, we affirm the district court's decision.

I.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings filed by pro se litigants must be construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

II.

To file a timely claim under the ADA, a plaintiff must file a complaint "in federal district court within 90 days of the [plaintiff's] receipt of a right-to-sue letter from the

[Equal Employment Opportunity Commission]" ("EEOC"). *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). The 90-day period may be tolled, however, where a plaintiff (1) has "acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that" extraordinary circumstances kept her from filing on time. *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal quotation marks omitted). Although attorney misconduct may constitute an extraordinary circumstance, the misconduct must be more significant than "garden variety . . . neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Perez concedes in her opening brief, as she did before the district court, that her complaint was filed outside the 90-day window she had from receiving the EEOC's right-to-sue letter to bring her claim. Nevertheless, she maintains that the limitations period should be tolled because of her attorney's neglect. Perez had hired an attorney to negotiate a salary raise with Mason Tenders. As part of their agreement, Perez claims that she, rather than her attorney, was responsible for filing any complaint in federal court if the negotiation was unsuccessful, and her attorney was to keep her apprised of his status by telephone. But, when the salary negotiation eventually failed, the attorney ignored Perez's request, and sent her a letter rather than call her on the telephone. As a result, Perez discovered she would need to file a complaint two days before her 90-day window expired.

As the district court found, however, Perez was neither reasonably diligent nor impeded by an extraordinary circumstance in pursuing her ADA claim. The record does not suggest Perez had actively pressed her claim or that her attorney's alleged mistake, using the mail rather the telephone to communicate, was more than "garden variety" neglect. Indeed, Perez knew she was responsible for filing her claim on time and, even when she received the letter, Perez still had two days to do so. We thus find that the district court did not abuse its discretion in declining to equitably toll Perez's limitations period.

III.

For the first time in reply, Perez disputes the date on which she received the EEOC letter claiming in contradiction of her assertions in her complaint and in her initial brief in this court, that in reality she received the letter later than she had earlier stated.[1]

"Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice," we ordinarily decline to do so "where those arguments were available to the parties below and they proffer no reason for their failure

---

[1] Perez conceded in her complaint, and before a magistrate judge, that her complaint was untimely.

to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks and alterations omitted). And we consider evidence outside the district court record only under "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *accord Keepers, Inc. v. City of Milford*, 807 F.3d 24, 29 n.14 (2d Cir. 2015), *cert. denied*, 137 S. Ct. 277 (2016). "This is true whether the record is merely ambiguous or is affirmatively deficient with respect to any papers or orders of any kind." *Edelstein*, 526 F.2d at 45. Because Perez has not proffered a compelling reason her newly asserted evidence and arguments were unavailable while she was before the district court, she has not met the burden described above. We thus decline to consider her newly presented argument and evidence for the first time on appeal.[2]

## IV.

We have considered Perez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we do not consider the portions of Perez's reply to which Mason Tenders objects, we deny Mason Tender's motion to strike as moot. Dkt. No. 66.

4