23-8119-cv
Evans v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of October, two thousand twenty-four.

PRESENT:
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*,
> MARGARET M. GARNETT,
> > *District Judge.*[*]

_____

Stephen Evans,

> *Plaintiff-Appellant,*

> v.                                                                            **23-8119-cv**

_____

[*] Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

**New York City Department of Education,**

      *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:    Stephen Evans, *pro se*, Lakewood Ranch, FL.

FOR DEFENDANT-APPELLEE:    Jane L. Gordon, Tahirih M. Sadrieh, Of Counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Stephen Evans, proceeding *pro se*, sued his former employer, the New York City Department of Education (the "Department"), under the Americans with Disabilities Act ("ADA"), alleging discrimination and retaliation in connection with its implementation of COVID-19 policies and a vaccination

mandate. Sometime around September 16, 2021, Evans filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that the Department's policies did not recognize his right to refuse treatment for his perceived disability and that the Department was threatening to fire him in response to his assertion of his rights.

On June 7, 2022, the EEOC issued a right-to-sue letter in Evans's case, dismissing his charge and informing him of his right to file a federal lawsuit within 90 days of receiving the notice. Evans filed a federal court complaint via mail, which was stamped "received" by the Southern District of New York's clerk's office on September 9, 2022, and the pro se clerk's office on September 13.

The district court granted the Department's Fed. R. Civ. P. 12(b)(6) motion and dismissed the amended complaint, reasoning that: Evans's complaint was moot to the extent that he raised a direct challenge to the since-withdrawn COVID-19 policy; the complaint was time-barred because it was filed 98 days after the right-to-sue letter was dated and was therefore late by eight days; and, on the merits, Evans otherwise failed to plead sufficient facts to state ADA discrimination and retaliation claims. *Evans v. N.Y.C. Dep't of Educ.*, No. 22-CV-7901 (ER), 2023 WL 8034449, at *5–9 (S.D.N.Y. Nov. 20, 2023).

3

Evans appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Mootness

As an initial matter, to the extent that Evans challenges the Department's COVID-19 policies and vaccine mandate, his claims are moot, since the policies have since been rescinded.

A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d. Cir. 2020). Withdrawal of COVID-19 restrictions will not necessarily moot the case where litigants "'remain under a constant threat' that government officials will use their power to reinstate the challenged restrictions." *Tandon v. Newsom*, 593 U.S. 61, 63 (2021) (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 68 (2020)). But in order to escape a mootness dismissal, a plaintiff must demonstrate a reasonable expectation of repetition that is "more than a mere physical or theoretical possibility." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 86 (2d Cir. 2005) (internal quotation marks omitted).

Evans has not alleged any facts to establish "a reasonable expectation of repetition" and thus has not met that bar here. *See Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) (finding that, "in view of the mitigation measures that have become available to combat the spread of COVID-19, and the providential infrequency of pandemics," the future reimposition of the challenged policy was "speculative").

The district court was therefore correct in finding that Evans's claim challenging the validity of the Department's COVID policy is moot. We next address the timeliness of Evans's complaint as well as Evans's remaining claims on the merits for discrimination and retaliation under the ADA.

## II. Timeliness

We review *de novo* the dismissal of a complaint as time-barred. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024). A complaint is properly dismissed as filed beyond the limitations period only if the defect is clear from the face of the complaint. *Id.* "In order to be timely, a claim under the ADA must be filed in a federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma*

5

*Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam) (citing 42 U.S.C. §§ 12117(a), 2000e-5(f)(1)).

The district court properly concluded that Evans's complaint was time-barred, although our calculations differ somewhat from the district court's. The EEOC issued Evans's right-to-sue letter on June 7, 2022. Since the record does not clearly establish whether Evans actually received the right-to-sue notice on June 7, or whether it was emailed to him as well as mailed, we apply the presumption that a mailed document is "received three days after its mailing." *Tiberio*, 664 F.3d at 37. Evans needed to file his federal court complaint by September 8, 2022, for it to be timely within 90 days of his receipt. However, Evans filed his complaint one day late on September 9, 2022, the date it was stamped as received by the clerk's office. *See* Fed. R. Civ. P. 5(d)(2); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003) (explaining that the date of receipt controls, not the date of mailing). It was therefore untimely. And, although Evans mentions the term "equitable tolling" in his opening brief, he has not alleged any facts, either below or on appeal, that would constitute the type of "rare and exceptional circumstance[s]" warranting application of that doctrine. *See id.* at 80 (alteration in original) (internal quotation marks omitted). "While the 90-day rule is not a

6

jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (internal quotation marks omitted).

Therefore, the district court properly determined that Evans's complaint was time-barred.

## III. Merits

Even if it were timely, Evans's complaint would fail on the merits. We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) *de novo*, determining whether the complaint pleads sufficient facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, to state a plausible claim to relief. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). A complaint includes any attachments or documents incorporated by reference; and, since Evans has been *pro se* throughout, his pleadings and submissions are liberally construed. *Id.*

Evans's theory of disability discrimination is squarely foreclosed by *Sharikov*, in which we rejected arguments substantially the same as those advanced here. There, as to ADA discrimination, we held that a plaintiff is not "regarded as

7

being disabled" or subject to a "record of" a disability by the application of a company-wide COVID-19 mitigation policy because the neutral application of a company-wide policy does not single out any employee for discriminatory treatment. *Id.* at 168–69. We also reasoned that the "record of" argument failed for the additional reason that a vaccination record does not imply a history of impairment. *See id.* at 169–70.

Like the plaintiff in *Sharikov*, Evans argues that the Department "regarded" him as having a substantially limiting impairment and required treatment, including testing, vaccination, and mask-wearing, for the impairment. He further alleges that the Department made a record of his disability because it classified him as untreated when he refused COVID vaccinations, mask-wearing, and PCR testing. Our court considered and rejected each of these arguments in *Sharikov*, and we are bound by that precedent to reject the same arguments here. *See Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 100–01 (2d Cir. 2021).

Evans also alleges that the Department retaliated against him for opposing and protesting the policy. This claim fails because he did not plead but-for causation. *Id.* at 170. Rather, as in *Sharikov*, "the allegations in the [c]omplaint make clear that he was fired because of his failure to comply with" the vaccine

8

policy, not because he invoked the ADA.  *Id.* at 171.

Accordingly, the district court properly dismissed Evans's ADA discrimination and retaliation claims.

\* \* \*

We have considered Evans's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court