23-1232-cv
*Wilson v. Long Ridge Post Acute Care*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-six.

PRESENT:
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
            *Circuit Judges.*

_____

TRAVIS WILSON,

                *Plaintiff-Appellant*,

        v.                                                                23-1232

LONG RIDGE POST ACUTE CARE, MARION NAJAMY,

                *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                 Travis Wilson, *pro se*, Stamford, Connecticut.

FOR DEFENDANTS-APPELLEES:                 Maura A. Mastrony and Emily A. Zaklukiewicz, Littler Mendelson, P.C., New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 23, 2023, is **AFFIRMED**.

Travis Wilson, proceeding *pro se*, appeals from the district court's judgment dismissing his employment-discrimination action as time-barred, pursuant to Federal Rule of Civil Procedure 12(b)(6). Wilson commenced this action against his former employer, Defendant-Appellee Long Ridge Post Acute Care, as well as his supervisor, Defendant-Appellee Marion Najamy (collectively, "Defendants"), alleging discrimination based on age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), as well as race, color, sex, and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendants moved to dismiss the complaint as time-barred and on several other grounds. The district court granted the motion under Rule 12(b)(6), concluding that the ADEA and Title VII claims were time-barred. *See Wilson v. Long Ridge Post Acute Care*, No. 3:22-CV-194 (VAB), 2023 WL 2072510, at *8–9 (D. Conn. Feb. 17, 2023). In addition, the district court determined that Wilson (1) had failed to plausibly allege that his termination was motivated by discriminatory reasons, and (2) could not state a claim under the ADEA because he was under 40 years of age at the time of his termination. *Id*. at *9. However, the district court granted leave to amend as to the Title VII claims to address the deficiencies. *Id.* Wilson filed an amended complaint, which Defendants again moved to dismiss. The district court granted the motion and dismissed the amended complaint with prejudice, explaining that it failed to include any new allegations or

2

address the timeliness issue identified in the prior ruling. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). Moreover, "we liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," but "*pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (italics added) (internal quotation marks and citations omitted). In other words, although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards set forth in [Rule] 28[,] . . . we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995).

Here, Wilson's brief fails to comply with the requirements of Rule 28(a) because it merely contains a compilation of documents that he filed in the district court. His brief contains no clear statement of the issues on appeal and no arguments challenging the district court's reasons for dismissal. We may affirm the judgment for this reason alone. *See Green*, 16 F.4th at 1074.

In any event, the district court correctly dismissed Wilson's complaint with prejudice.

First, regardless of timeliness, the district court properly held that Wilson could not state an ADEA claim. The ADEA covers "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Here, Wilson alleged that he was born on June 24, 1992, and, thus, was only 27 years old at the time of his termination on December 6, 2019. Accordingly, his ADEA claim fails as a matter of law.

Second, the district court correctly dismissed Wilson's Title VII claims as time-barred. "In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *see* 42 U.S.C. § 2000e-5(f)(1). Here, Wilson's form complaint prompted him to identify the date "on or about" he received the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Wilson provided the date of October 29, 2021, which matched the date on the EEOC letter that he attached. In order for his Title VII claims to be timely, if Wilson received the letter on October 29, 2021, he had to file this lawsuit no later than January 27, 2022. Wilson's complaint, filed on February 2, 2022, was therefore untimely.

To be sure, "[t]here is a presumption that a notice provided by a government agency was mailed on the date shown on the notice," and "[t]here is a further presumption that a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). However, even applying the presumption that Wilson received the letter three days after the date of the EEOC letter, on November 1, 2021, his complaint was still untimely. More specifically, presuming Wilson received the letter on November 1, 2021, he had to file his complaint no later than January 31, 2022, for the claims to be timely. *See* Fed.

R. Civ. P. 6(a)(1)(C). Wilson filed his complaint on February 2, 2022, which was two days late.

The district court invited Wilson to "come forward with allegations to explain [the] delay and rebut the three-day delivery presumption." *Wilson*, 2023 WL 2072510, at \*8; *see Tiberio*, 664 F.3d at 37 (explaining when the three-day mailing presumption is not "dispositive"). However, Wilson failed to address the timeliness of his claims in his amended complaint, and he did not respond to either of Defendants' motions to dismiss. Therefore, the district court properly dismissed the Title VII claims as time-barred.[1] *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) ("While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.") (internal quotation marks and citation omitted).

\*                  \*                  \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that the ADEA likewise requires a complainant to commence a civil action within 90 days of receiving the right-to-sue letter and thus, even if Wilson's ADEA claim were actionable, it would also be untimely. *See* 29 U.S.C. § 626(e).

5