09-0069-cv
Johnson v. St. Barnabas Nursing Home

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> DENNY CHIN,[*]
> > *District Judge.*

_____

Felicia Pickett Johnson,

> *Plaintiff-Appellant,*

> v.

St. Barnabas Nursing Home,                                   09-0069-cv

> *Defendant-Appellee,*

Ronald Granger,

> *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:          Felicia Pickett Johnson, *pro se*, New York, N.Y.

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLEE: William D. Buckley, Garbarini & Scher, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Felicia Pickett Johnson, *pro se*, appeals from the district court's judgment granting the defendants' motion for judgment on the pleadings and dismissing her employment discrimination complaint as time-barred. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) *de novo*. *See Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 792 (2d Cir. 1999). The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Thus, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," and deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. Furthermore, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Under Title VII and the Americans with Disabilities Act, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment

2

Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within ninety days of notification of right to sue); *id.* § 12117(a) (adopting Title VII limitations period for the ADA). Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996).

Here, Johnson's unsupported allegation that she received her EEOC right-to-sue letter on November 14, 2007, was not sufficient to rebut the applicable three-day presumption of receipt. *See Sherlock*, 84 F.3d at 526 ("[W]e would not regard the presence of a self-serving date-of-receipt notation . . . as evidence rebutting the presumption that the letter was received three days after its typewritten date, unless the claimant also presented an affidavit or other admissible evidence of receipt on the noted date."). Accordingly, it is assumed that Johnson received the October 31, 2007 right-to-sue letter on November 3, 2007, requiring her to file her complaint on or before February 1, 2008. Her February 7, 2008 complaint was thus untimely.

We have considered all of Johnson's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3