22-596
*Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-three.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

REGINA ORSAIO,

> *Plaintiff-Appellant,*

> v.                                                                 No. 22-596

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

> *Defendant-Appellee.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, NY. |
| **For Defendant-Appellee:** | SEAN P. MIX, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Regina Orsaio appeals from the district court's judgment in favor of Orsaio's employer, the New York Department of Corrections and Community Supervision ("DOCCS"), on Orsaio's claims alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Orsaio, who identifies as a homosexual female, J. App'x at 108, 275, and who has worked as a parole officer with DOCCS since 2006, brought suit under Title VII against DOCCS in 2017, alleging that it discriminated against her based on her sexual orientation, subjected her to a hostile work environment, and retaliated

2

against her for complaining about that conduct. After two years of litigation, the district court granted summary judgment in favor of DOCCS on Orsaio's discrimination and hostile-work-environment claims, finding that the claims were untimely under the applicable statute of limitations. The district court denied, however, DOCCS's motion for summary judgment as to Orsaio's retaliation claim, which proceeded to trial. In 2022, a jury returned a verdict in favor of DOCCS, and final judgment was thereafter entered against Orsaio on all claims. On appeal, Orsaio contends that the district court improperly granted summary judgment on her discrimination and hostile-work-environment claims, and improperly excluded certain evidence from being presented at trial on her retaliation claim. We reject each of these contentions in turn.

## I. Discrimination and Hostile Work Environment

We review de novo the district court's dismissal on summary judgment of Orsaio's discrimination and hostile-work-environment claims, viewing the record in the light most favorable to the non-moving party. *See Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015); *see also* Fed. R. Civ. P. 56(a). Applying that standard, we agree with the district court that Orsaio's claims were

3

untimely under the applicable statute of limitations and were properly dismissed on that basis alone.

To be timely, a claim under Title VII must be filed within ninety days of the claimant's receipt of a so-called right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1). In order to determine the date of receipt of the letter, "normally it may be assumed . . . that a notice provided by a government agency has been mailed on the date shown on the notice" and "that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984). But while these "presumptions are convenient and reasonable," "they are [not] irrebuttable." *Sherlock*, 84 F.3d at 526. Rather, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption[s are] not dispositive." *Id.*

Here, Orsaio has failed to adequately rebut the presumptions, and we thus conclude that her discrimination and hostile-work-environment claims are untimely. The record contains DOCCS's copy of the EEOC right-to-sue letter for

4

Orsaio's discrimination and hostile-work-environment claims, which was dated December 16, 2016 and was addressed to both DOCCS and Orsaio.[1]  Accordingly, we may presume that this right-to-sue letter was mailed by the EEOC on December 16, 2016 and received by Orsaio on December 19, 2016, making Orsaio's lawsuit filed on June 23, 2017 (over 180 days later) untimely as to her discrimination and hostile-work-environment claims.  Indeed, these presumptions are at least partly corroborated by the fact that DOCCS's copy of the December 16, 2016 right-to-sue letter has a stamp indicating that it was received on December 20, 2016.

For her part, Orsaio presented no evidence from which we can reasonably infer that the right-to-sue letter introduced into evidence by DOCCS was not mailed to Orsaio on December 16, 2016 and not received by her shortly thereafter – well more than ninety days before June 23, 2017.  In the district court, Orsaio submitted an affidavit indicating that she was "confident" that she never received a copy of the December 2016 right-to-sue letter; instead, she insists that the first time she saw any right-to-sue letter for her discrimination and hostile-work-environment claims was after her attorney received one on June 1, 2017,

---

[1] Orsaio does not contest that this document was dated December 16, 2016, nor that her Utica address as listed on this document was correct.

5

along with a separate right-to-sue letter for her retaliation claim.[2]   Dist. Ct. Doc. No. 9-1 at 1.   But Orsaio's attestations concerning the letters received by her attorney on June 1, 2017 are irrelevant, as an attorney's subsequent receipt of a right-to-sue letter "does not affect, much less vitiate, the operative presumptions regarding the receipt of an EEOC right-to-sue letter by the claimant herself." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). And without those attestations, Orsaio's affidavit amounts to a self-serving, unsupported denial of receipt of the December 16, 2016 right-to-sue letter introduced into evidence by DOCCS.   This is insufficient to rebut the applicable presumptions.   *See Sherlock*, 84 F.3d at 526; *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010).   As a result, we affirm the district court's dismissal of Orsaio's discrimination and hostile-work-environment claims as untimely.

## II.   Retaliation

Likewise, we affirm the jury's verdict in favor of DOCCS on Orsaio's retaliation claim, despite Orsaio's assertions that a new trial is warranted because

---

[2] The version of the right-to-sue letter for the discrimination and hostile-work-environment claims sent to Orsaio's attorney was dated December 16, 2016 and listed no address under Orsaio's name.

6

the district court improperly excluded evidence. We review a district court's exclusion of evidence under "a deferential abuse-of-discretion standard," finding error only where the exclusion was "manifestly erroneous." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (internal quotation marks omitted). Furthermore, an erroneous evidentiary ruling warrants a new trial only when "a substantial right of a party is affected," such as when "a jury's judgment would be swayed in a material fashion by the error." *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). We fail to detect manifest errors here, let alone ones that affected Orsaio's substantial rights.

*First*, Orsaio argues that the district court erred by completely excluding evidence of what she refers to as her supervisors' prior bad acts relating to the underlying discrimination claims. She asserts this evidence was necessary to establish the background and context for the protected activity that formed the basis of her retaliation claim – i.e., her filing of a discrimination complaint with the New York State Division of Human Rights ("DHR") in May 2016. But Orsaio badly misrepresents the district court's ruling on this score. The district court explicitly recognized that evidence regarding the alleged discrimination that led to Orsaio's 2016 DHR complaint was relevant to various aspects of her retaliation

claim, and thus allowed Orsaio to testify about "the facts underlying [her] belief that [her supervisor] learned of her sexual orientation in 2014, after which [time] his behavior toward her allegedly changed, as well as the background and environment that led to her" 2016 DHR complaint.   J. App'x at 76–80; *see also, e.g.*, Fed. R. Evid. 401; *Hawkins v. Hennepin Tech. Ctr.*, 900 F.2d 153, 156 (8th Cir. 1990). The district court excluded only specific pieces of *corroborative evidence* after determining that their probative value was substantially outweighed by the danger of confusing the issues of discrimination and retaliation, misleading the jury, and wasting time.   *See* J. App'x at 80–81; *see also* Fed. R. Evid. 403; *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) ("The relevant inquiry for [a] retaliation claim must focus on the retaliation [the plaintiff] suffered for complaining about the harassment, not on the initial harassment itself.").   As Orsaio presents little to no developed argument explaining why that Rule 403 weighing analysis was improper, we cannot say that the district court manifestly erred.

*Second*, Orsaio contends that the district court erred by excluding as hearsay her testimony that a co-worker once told Orsaio that their supervisor did not like her because of her sexual orientation.   Orsaio does not dispute that the testimony

8

meets the definition of hearsay in Rule 801(c), but she asserts that the testimony was admissible either as nonhearsay under Rule 801(d), *see* Fed. R. Evid. 801(d)(2)(D) (defining statements as not hearsay if the "statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed"), or as an exception to the hearsay rule under Rule 803, *see* Fed. R. Evid. 803(1) (excluding from the rule against hearsay "statement[s] describing or explaining an event or condition, made while or immediately after the declarant perceived it"). We disagree. As the district court correctly explained, Rule 801(d)(2)(D) is inapposite here, as the colleague's personal opinion about the roots of his supervisor's dislike of Orsaio did not "relate[] to a matter within the scope of the [colleague's] agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537–38 (2d Cir. 1992) (explaining that the scope of agency is limited to matters over which the employee has the "authority to take action"). Similarly, Orsaio's reliance on Rule 803(1) is misplaced, as that exception "applies only to reports of what the declarant has actually observed through the senses" while witnessing an event or condition (or shortly thereafter), "not to what the declarant merely conjectures," *Brown v. Keane*, 355 F.3d 82, 89 (2d Cir. 2004), as was the case here.

In short, we see no reason to second guess the district court's evidentiary rulings at trial; Orsaio has failed to identify a manifest error, much less one that affected her substantial rights.

\* \* \*

We have considered Orsaio's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court